UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HUMBERTO RESTREPO,

     *Petitioner*,

 -against-

NATIONAL MAINTENANCE, INC.,

     *Respondent*.

24-CV-4425 (ARR) (RML)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

 Petitioner, Humberto Restrepo, as chairman of the Joint Industry Board of the Electrical Industry (the "JIB"), moves for confirmation of an arbitration award against Respondent, National Maintenance Inc., an employer. Pet. Confirm Arbitration Award ("Pet."), ECF No. 1. He also seeks pre-judgment interest, post-judgment interest, and reimbursement for attorneys' fees and costs associated with bringing this petition. Pet. 9. For the reasons set forth below, I confirm the arbitration award, award petitioner pre-judgment and post-judgment interest, and reimburse him for most of the fees and costs associated with bringing this petition.

## BACKGROUND[1]

 The JIB is the administrator of various "employee benefit multi-employer plans established and maintained pursuant to a collective bargaining agreement [("CBA")] between Local Union

---

[1] Respondent has not submitted an opposition to petitioner's motion, and an unopposed motion to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). In an unopposed motion for summary judgment, "[t]he facts in the movant's statement of material facts will be accepted as true so long as they are supported by the record." *Stark v. Cnty. of Clinton*, No. 22-CV-422, 2023 WL 5380430, at *1 (N.D.N.Y. Aug. 22, 2023). The petitioner did not submit a statement of material facts, so I rely on the petition, which describes the relevant facts in this case. The facts in the petition are supported by the record.

No. 3 of the International Brotherhood of Electrical workers, AFL-CIO, and . . . independent or unaffiliated employers in the electrical and other related industries." Pet. ¶ 4. Respondent is a member of the Electrical Sign Industry Association, which assented to the aforementioned collective bargaining agreement, and as such, respondent is bound by its terms. Pet. ¶¶ 9, 11–13; *see also id.*, Ex. A, at 15 (the "CBA"), ECF No. 1-1. The CBA imposes numerous obligations on respondent. Under the terms of the CBA, respondent must make contributions to all relevant employee benefit plans for all work within the Union's trade and geographical jurisdiction and submit weekly payroll reports for each employee on whose behalf respondent makes required contributions. Pet. ¶ 14; CBA Arts. X–XVIII. Additionally, pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(c)(ii), and the Policy for the Collection of Delinquent Contributions ("Collection Policy"), to which respondent is also bound, employers that make late contributions or fail to make contributions may have to pay interest on those missed or delayed payments, liquidated damages, and legal fees and costs. Pet. ¶¶ 16–17.

Under the CBA and the JIB's Arbitration Procedures, if a dispute exists between the JIB and an employer over an employer's obligation to contribute to employment funds, the JIB may refer the dispute to arbitration. *Id.* ¶¶ 21–22; *id.*, Ex. C, Art. IV ("Arbitration Procedures"), ECF No. 1-3. Pursuant to the Arbitration Procedures, if the arbitrator finds for the JIB, the employer shall be liable for attorneys' fees and costs. Arbitration Procedures, Art. X.B. Any award an arbitrator issues pursuant to the Arbitration Procedures is "final and binding." *Id.*, Art. IX.B.

A dispute arose between the JIB and respondent when respondent "failed to remit JIB and/or DSP reports and contributions owed for the payroll weeks ending February 7, 2024, through the then present date." Pet. ¶ 25. Pursuant to the Arbitration Procedures, the JIB initiated the

arbitration before the designated arbitrator and provided notice to respondent. *Id.* ¶ 26; Arbitration Procedures, Art. IV. Respondent did not file any papers before the arbitrator in opposition to the JIB's claims. Pet. ¶ 29; *id.*, Ex. F., at 4 ("Arbitration Award"), ECF No. 1-6. The arbitrator found that the JIB proved by a preponderance of the evidence that Respondent "was required to remit the contributions noted, and that [r]espondent failed to remit the contributions." Pet. ¶ 32; Arbitration Award 4–5. The arbitrator ordered respondent to pay $32,450.64 in total. Pet. ¶ 33; Arbitration Award 5. Respondent has yet to pay any portion of this award. Pet. ¶ 34. The JIB filed the instant petition requesting that I confirm the arbitration award. Respondent has not appeared or responded to the JIB's motion to confirm its arbitration award.

## LEGAL STANDARD

Typically, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation omitted). A court "'must grant' the award 'unless [it] is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). The award an arbitrator issues is entitled to "significant deference," *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F.App'x 756, 760 (2d Cir. 2013), and should be confirmed as long as the arbitrator "acted within the scope of his authority, and . . . the award draws its essence from the agreement," *Local 119, Drug Hosp. & Health Care Emps. Union v. Brooks Drug Co.*, 956 F2.d 22, 25 (2d Cir. 1992). The arbitrator's rationale for an award does not need to be explained, and a district judge should confirm the award if "a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.,* 462 F.3d at 110. "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (quotation omitted).

When the opposing party does not answer a motion to confirm an arbitration award, a district court judge should treat the petition "as an unopposed motion for summary judgment." *Id.* "If the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" summary judgment should be granted. Fed. R. Civ. Proc. 56(a). This standard applies to motions for summary judgment that are unopposed. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). The evidence the movant submits in support of the summary judgment motion must still meet their burden of production, and if it does not, then summary judgment must be denied. *Id.*

## DISCUSSION

As to the arbitration award, there are no genuine issues of material fact and petitioner is entitled to confirmation of the award. Arbitration was appropriate in this case and the arbitrator acted within the scope of his authority. Pursuant to the terms of the CBA and the Arbitration Procedures, the JIB has the authority to submit disputes over missing or late payments owed to employment funds to an arbitrator for resolution. Pet. ¶¶ 21–22; Arbitration Procedures, Art. IV. As a result, once the JIB submitted this dispute to the arbitrator, respondent was subject to the arbitration. Although respondent did not appear for arbitration, petitioner provided respondent with notice of the arbitration. Pet. ¶ 26; *id.*, Ex. D, ECF No. 1-4; Arbitration Award 2.

There is also no evidence to suggest that the arbitrator's award was improper; the award "[drew] its essence," *Brooks Drug Co.*, 956 F.2d at 25, from the CBA and the arbitrator provided more than "a barely colorable justification for the outcome reached," *D.H. Blair & Co.*, 462 F.3d at 110. The CBA requires respondent to make contributions to employee benefit plans, CBA, Arts. X–XVII, and petitioner submitted evidence to the arbitrator documenting respondent's delinquent and missing payments, Arbitration Award 4. Based on his review of the CBA, the Collection

4

Policy, Arbitration Procedures, and all the record evidence petitioner submitted, the arbitrator determined that respondent failed to meet its requirement to remit contributions to the JIB and awarded petitioner $32,450.64. *Id.* 4–5.[2] This meets the "barely colorable justification" standard. *See N.Y.C. Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18-CV-3970, 2018 WL 5919520, at *1–2 (S.D.N.Y. Nov. 13, 2018) (determining that because the CBA required respondent to pay fringe benefits and wages to its employee, and because evidence supported that the employer violated this requirement, the arbitrator's conclusion that the petitioner was "entitled to wage and benefit funds stemming from [the respondent's] violation has a reasonable basis that can be inferred from the facts"). Further, respondent has failed to oppose this motion and has not provided evidence to suggest that the amount of the award is baseless. I accordingly confirm the arbitration award of $32,450.64.

Petitioner also seeks pre-judgment and post-judgment interest on the arbitration award. Pet. 9. I grant both requests. Regarding post-judgment interest, pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment." *Id.* "Awards of post-judgment interest under § 1961 are mandatory and apply to actions to confirm arbitration awards." *Trs. for the Mason Tenders Dist. Welfare Fund v. Euston St. Servs., Inc.*, No. 15-CV-6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (citations omitted). Accordingly, I grant petitioner's request for post-

---

[2] The arbitrator's award is itemized as follows: $23,260 in required contributions; $2,288.64 in interest; $4,652 in liquidated damages; and $2,250 in legal fees and costs. Arbitration Award 5. It is not clear to me how these interest amounts were calculated, however "even where it is unclear what formula or percentage the arbitrator used in reaching an amount, if the court can infer that the arbitrator had some basis—documentary, testimonial, or otherwise—on which to determine the amount of interest, that amount should be awarded." *Trs. of Empire State Carpenters Funds v. Town & Country Wood Flooring, LLC*, No. 13-CV-40 (JS), 2013 WL 4807110, at *7 (E.D.N.Y. Sept. 9, 2013) (quotation omitted). I defer to the arbitrator's calculations because they were supported by documentary evidence that petitioner submitted. Arbitration Award 4–5.

5

judgment interest at the statutory rate, 28 U.S.C. § 1961(a). As to petitioner's request for pre-judgment interest, "courts in this circuit have recognized a presumption in favor of prejudgment interest." *Finkel v. Allstate Electric Corp.*, No. 19-CV-6260, 2020 WL 3867136, *9 (E.D.N.Y. July 8, 2020) (quotation omitted) (collecting cases). Courts have also found that awards of pre-judgment interest are appropriate where "the agreement between the parties states that an arbitration decision is final and binding." *Id.* (quoting *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106, 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007). Here, the Arbitration Procedures provide that an arbitration award is "final and binding." Arbitration Procedures, Art. IX.B. As a result, an award of pre-judgment interest is appropriate. Although petitioner fails to specify a rate of pre-judgment interest, the "'common practice' of courts in this circuit 'is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law.'" *Id.* (quoting *Herrenknecht Corp.*, 2007 WL 1149122, at *3); *see also* N.Y. C.P.L.R. §§ 5001–5004. I therefore grant petitioner's request for prejudgment interest at a rate of nine percent per annum, calculated from the date of the arbitration award—June 10, 2024—through the date of judgment in this action. Arbitration Award 6.

Finally, petitioner requests reimbursement in the amount of $2,757.60 in attorneys' fees and costs arising out of this petition. Pet. 9. Although section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2)(D), provides that a court "shall" award attorneys' fees and costs to a plan that is successful in an action to recover delinquent contributions, this "does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *Abondolo v. Jerry WWHS Co.*, 829 F.Supp.2d 120, 130 (E.D.N.Y. 2011). Courts in this circuit have held, however, "that a petitioner in an action to confirm an arbitration award is entitled to attorneys' fees and costs when the respondent refuses to abide by an arbitrator's

6

decision without justification." *Allstate Electric Corp.*, 2020 WL 3867136, at *8 (quotation omitted).

I do not need to decide whether respondent refused to abide by the arbitrator's award without justification because petitioner's Collection Policy and Arbitration Procedures require employers to pay legal fees and costs in cases such as this. *See* Pet., Ex. B, at 4–5, ECF No. 1-2; Arbitration Procedures, Art. X; *see also Trs. of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Coop. Funds v. CEI Contractors, Inc.*, No. 18-CV-3467 (JFB), 2019 WL 117603, at *4 (E.D.N.Y. Jan. 7, 2019) (determining that "the Court need not decide whether respondent refused to abide by the arbitrator's award without justification because the Collection Policy obligates employers who fail to make timely contributions to the Funds to pay attorney's fees and costs . . . [and] [t]his agreement is a sufficient basis upon which to award attorney's fees and costs"). I will therefore award petitioner reasonable attorneys' fees and costs.

Although I have discretion to determine a reasonable fee, I must "abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Both Courts "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Id.* (quotation omitted). Reasonable hourly rates are the rates "'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation,' . . . [and] the district in which the court sits [is the relevant community.]" *Cruz v. Loc. Union No. 3 of the IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 866, 896 n.11 (1984)). To support its assessment of attorneys' fees and costs, petitioner must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Nguyen Custom*

*Woodworking*, 2018 WL 5919520, at *3.

Petitioner has submitted sufficient documentation to reflect the work that two attorneys conducted related to this case—Marlena Smith, an associate attorney, and Adriana Grancio, a partner. Pet. ¶¶ 39–40; *see also id.*, Ex. G, ECF No. 1-7. The attorneys spent a combined total of seven hours working on this case, which is reasonable. *See e.g.*, *Trs. of the N. Atl. States Carpenters Funds v. Dame Contracting, Inc.*, No. 23-CV-5254 (NJC), 2024 WL 2293831, at *7 (E.D.N.Y. May 21, 2024) (determining that 12.7 hours of work on an unopposed petition to confirm an arbitration award was reasonable). Ms. Grancio billed her time at a rate of $410 per hour. Pet. ¶ 40. "[I]n other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners . . . ." *Finkel v. J&H Electrical Contracting, Inc.*, No. 22-CV-6298 (HG), 2023 WL 4763366, at *3 (E.D.N.Y. July 26, 2023). I therefore decrease the rate of pay for Ms. Grancio to $400 per hour. Ms. Smith billed her time at a rate of $310 per hour. Pet. ¶ 39. This is a higher-than-average rate for senior associate attorneys working on ERISA matters in the Eastern District. *See J&H Electrical Contracting, Inc.*, 2023 WL 476336, at * 3 (explaining that the average rate for associates in cases involving unopposed petitions to confirm an arbitration award is between $225 and $250 per hour); *but see Dame Contracting, Inc.*, 2024 WL 2293831, at *7 (explaining that courts in this district "have recently approved rates ranging from $200–$290 per hour for associate attorneys who have five or fewer years of legal work experience"). Because Ms. Smith has been an attorney for approximately six years, I will only reduce her rate to $300 per hour. Given the reduced rates, I award petitioner $2,180 in attorney fees. *See* Ex. G (reflecting the hours that each attorney worked).[3]

---

[3] Petitioner also indicates that legal assistants were paid $155 per hour for work performed in connection with this action. Pet. ¶ 41 (citing Ex. G). I do not see the legal assistants' work reflected in petitioner's records, and therefore, I decline to determine whether this is a reasonable rate. *See*

8

As for costs, "a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Pursuant to Local Civil Rule 54.1(a), a party must attach as exhibits "[b]ills for the costs claimed" and include as part of its request for reasonable costs "an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred." *Id.*; *see also CEI Contractors, Inc.*, 2019 WL 117603, at *7. Here, petitioner requests $507.60 in "court filing fees and service charges," and cites Exhibit G for support. Pet. ¶ 44. Exhibit G, however, only documents the work that the attorneys provided on this case. Ex. G. Nevertheless, I can see from the docket that petitioner paid a $405 filing fee. Docket Entry dated June 21, 2024. Further, the executed summons reflects that petitioner paid a $40 service fee. *See* Affidavit of Service, ECF No. 9. Those costs are recoverable. *See CEI Contractors, Inc.*, 2019 WL 117603, at *7. Petitioner has not provided documentation that accounts for how the additional $62.60 was spent. Accordingly, I award petitioner only $445 in reasonable costs. Petitioner is granted an additional fifteen calendar days to submit documentation to account for the $62.60.

## CONCLUSION

For the foregoing reasons, I grant petitioner's motion to confirm the arbitration award. I confirm the arbitration award in all respects and award judgment in favor of petitioner in the amount of $32,450.64, plus pre-judgment interest at a rate of nine percent per annum. I also grant petitioner's request for post-judgment interest at the statutory rate, pursuant to 28 U.S.C. § 1961(a). Finally, I award petitioner $2,180 in attorney fees and $445 in reasonable costs. Petitioner is granted fifteen calendar days to submit documentation to account for the additional fees requested.

---

Ex. G.

9

SO ORDERED.

       /s/
Allyne R. Ross
United States District Judge

Dated:      July 31, 2024
                Brooklyn, New York